# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

BRIAN JAMES BAKER, )
)
    Plaintiff, )
)
v. ) Case No. CIV-17-83-R
)
TOWN OF ROLAND, )
a Municipal Corporation, *et al.*, )
)
    Defendants. )

## ORDER

Before the Court is Plaintiff's Motion to Reconsider (Doc. 78) the Court's December 21, 2017, order (Doc. 74) granting Defendants' motions for summary judgment. Plaintiff was arrested in 2015 by a Town of Roland police officer and detained for nearly seventeen days in Sequoyah and Beckham County pursuant to a 2009 Beckham County bench warrant that should have been dismissed that same year. He brings this action under 42 U.S.C. § 1983 to address alleged violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments. *See* Second Amended Complaint, Doc. 18. Defendants rightly note that Plaintiff's Motion is untimely under Federal Rule of Civil Procedure 59(e) because Plaintiff filed it "later than 28 days after the entry of the judgment."[1] *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules . . . 59(b), (d), and (e), and 60(b)."); Defendants' Responses, Docs. 79, 80.

---

[1] The Court struck Plaintiff's first motion to reconsider on the 28th day post-judgment because he failed to provide "[a] description of the numbered exhibit[s] . . . in the docket entry" in violation of ECF Policies and Procedures Manual Section II(A)(4)(a). *See* Doc. 77.

1

Nonetheless, the Court construes Plaintiff's Motion as one for relief from a final judgment under Rule 60(b), which "must be made within a reasonable time." *See Fox v. Noram Energy Corp.*, 198 F.3d 257 (10th Cir. 1999) ("[B]ecause Noram did not comply with the time limitations of the Fed. R. Civ. P. 59(e) in filing their motion to reconsider, the district court properly characterized the plaintiffs' motion to reconsider as a motion for relief from the judgment under Fed. R. Civ. P. 60(b)."). Plaintiff is entitled to relief from the Court's final judgment for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The word "any" is somewhat misleading, though, because 60(b)(6) relief is rare:

> Rule 60(b)(6) relief from judgment is within the district court's discretion and "warranted only in exceptional circumstances." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991); *see also Cashner v. Freedom Stores,* 98 F.3d 572, 579 (10th Cir. 1996) ("a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice."). We will reverse the district court's determination only if there is "a complete absence of reasonable basis" leaving us certain that the district court's decision is wrong. *Id.* Further, denial of a Rule 60(b)(6) motion is not an abuse of discretion where the motion "basically revisits, albeit in somewhat different forms, the same issues already addressed and dismissed by the court." *Van Skiver,* 952 F.2d at 1243 (quoting *Van Skiver v. United States,* 751 F. Supp. 1522, 1523 (D. Kan. 1990)).

*Pyeatt v. Does*, 19 F. App'x 785, 788 (10th Cir. 2001).

Far from exceptional circumstances, Plaintiff's motion for reconsideration raises arguments already rejected on the merits. *See* Doc. 74. Again, Section 1983 protects "right[s] secured by the Constitution and laws of the United States." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's experience should not have happened—jailed for two weeks 300 miles from home seemingly because of poor state court record maintenance—and he

raises potential breaches of state criminal procedure rules. However, he simply does not show a right to federal relief under Section 1983. Accordingly, Plaintiff's Motion (Doc. 78) is DENIED.

IT IS SO ORDERED this 14th day of March, 2018.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE